Robert H. Widdecombe et al.

v.

Emil Dietzsch, use, etc.

</div>

1. Statement.—In an action of debt upon a replevin bond the declaration was in the usual form. Defendant pleaded, 1, *non est factum;* 2, that as to any greater damages than one cent *actio non* because the merits of the replevin suit were never tried and the property was the property of appellant Widdecombe. To the second plea appellees replied, 1, that the property was not the property of Widdecombe; 2, the recovery of a judgment against one Watson, the issuance of an execution thereon to the sheriff of Cook County, and levy of same upon the goods in question, which the replication alleges were the goods of Watson and not of Widdecombe. Before the case was submitted to the jury the plaintiff, by leave of court, withdrew his replication setting up the judgment and execution aforesaid against Watson.

2. Pleading—Chattel mortgage—Nominal damages.—Appellee

Widdecombe v. Dietzsch.

having withdrawn his second replication which placed him in a position as judgment creditor to challenge the *bona fides* of the chattel mortgage upon the goods, given by Watson to Widdecombe, was left in no position to contest the mortgage and the court properly excluded all the evidence offered by him on that branch of the case. The mortgage being valid as between Watson and Widdecombe, defendant's plea of ownership was sustained and plaintiff was entitled to nominal damages only.

Appeal from the Superior Court of Cook county; the Hon. Rollin S. Williamson, Judge, presiding. Opinion filed June 27, 1883.

This was debt upon a replevin bond brought by appellee as coroner of Cook county, against appellants, obligors in the bond. The declaration was in the usual form. The defendants pleaded, 1st, *non est factum*, 2d, that as to any greater damages than one cent *actio non* because the merits of the replevin suit were never tried, and the property was the property of Widdecombe.

Issue to the country was joined on the first plea. To the second plea appellees replied, 1st, that the property was not the property of Widdecombe; 2d, the recovery by Follansbee in the Superior Court of Cook county, of a judgment against one Watson, the issuance of an execution thereon to Charles Kern, sheriff of Cook county, and levy of same upon the goods in question, which the replication alleges were the property of said Watson, and not the property of Widdecombe.

Issues of fact being joined on these replications, the case was tried by a jury, resulting in a verdict for appellee for $318. Before the case was submitted to the jury, the plaintiff, by leave of the court, withdrew his replication, setting up the judgment and execution aforesaid against Watson. Whereupon the defendant moved the court to exclude all the evidence given tending to show that Kern was sheriff, the execution and levy thereunder, the return, and the judgment against Watson; which motion was sustained, and such evidence was stricken out.

The defendant thereupon asked the court to instruct the jury that the plaintiff was entitled to nominal damages only.

The court refused to so instruct, and the defendant excepted.

Appellee having remitted $118, the defendant's motion for a new trial was overruled, and the judgment was rendered for the plaintiff for $200. The defendant brings the case here for review.

Mr. ALLAN C. STORY, for appellants; that the gist of the action was the non-delivery of the replevied property, and its value to the extent of the plaintiffs' interest therein was the measure of damages, cited David v. Bradley, 79 Ill. 316; King v. Ramsey, 13 Ill. 619; Belt v. Worthington, 3 Gill. & Johns. 247; Wallace v. Clark, 7 Blackford, 298; Atkin v. Moore, 82 Ill. 242; Warner v. Mathews, 18 Ill. 86; 1 Greenleaf on Ev. § 532.

It was therefore essential that a description of the chattels and their value should be alleged in the declaration, and as this was not done, the objections to the evidence should have been sustained: Quincy Coal Co. v. Hood, 77 Ill. 68; The People v. Village of Crotty, 93 Ill. 180.

Where an officer attempts to justify his acts done by virtue of his office, he must allege and prove himself to be an officer *de jure:* Case v. Hall, 21 Ill. 635; Schlencker v. Risley, 3 Scam. 483; The People v. Collins, 7 John. 549.

A party claiming property under a levy as an officer must set up the execution in his pleadings: Wheeler v. McCorristen, 24 Ill. 40; Dayton v. Fry, 29 Ill. 525.

As to instructions: Baker v. Pritchett, 16 Ill. 66; Gordon v. Crooks, 11 Ill. 142; Higgins v. Lee. 16 Ill. 495.

The verdict is against the law and evidence: Kells v. Davis, 57 Ill. 261; Shugart v. Halliday, 2 Bradwell, 45; Harvey v. Ellithorpe, 26 Ill. 418; C. B. & Q. R. R. Co. v. Bryan, 90 Ill. 126.

Messrs. HUTCHINSON & PARTRIDGE, for appellee; that a description of the goods in the declaration was not required, cited Hopkins v. Ladd, 35 Ill. 178.

The right to plead and prove title was a mere privilege and the burden was on appellant to do so: Stevison v. Earnest, 80 Ill. 513, 519.

Widdecombe v. Dietzsch.

The mortgagee, upon taking possession, would be compelled to offer the property for sale *at once*, and when his debt was satisfied, the remainder would be subject to the levy made by the officer:   Lewis v. D'Arcy, 71 Ill. 648, 650.

WILSON, J.   It appears from the bill of exceptions that on January 17, 1877, one James C. Watson executed and delivered to appellant Widdecombe, his promissory note for $300, payable one year after date, and a chattel mortgage of same date to secure the note, upon the goods mentioned in the replevin bond in suit.   The mortgage was acknowledged as provided by the act concerning chattel mortgages, and was recorded in the recorder's office of Cook county, January 18, 1877.   It also appears that immediately upon the recording of the mortgage, Widdecombe took actual possession of the goods and remained in continuous possession of the same down to the time they were seized by the sheriff upon the execution in favor of Follansbee against Watson, in March thereafter.   As between Watson and Widdecombe, the goods were therefore the property of Widdecombe.

Appellee by his second replication to appellant's plea of ownership, set up the recovery of a judgment against Watson in favor of Follansbee, and the seizure of the goods upon an execution issued thereon, thereby placing himself in a position as judgment creditor, to challenge the *bona fides* of the mortgage.   Had that replication remained as a part of the pleadings in the case, any competent evidence tending to show that the mortgage was fraudulent as against creditors, would have been admissible.   But the replication having been withdrawn by appellee, he was left in no position to contest the mortgage, and the court properly excluded all the evidence offered by him on that branch of the case.   The mortgage being valid as between Watson and Widdecombe, and showing title in the latter to the goods, the defendant's plea of ownership was sustained, and the plaintiff was entitled to nominal damages only.

The judgment of the court below is reversed and the cause remanded for a new trial.

Reversed and remanded.